
Marian F. Harrison
US Bankruptcy Judge



Dated: 5/17/2021

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 319-04811 |
| JOSEPH LOUIS MELZ, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) CHAPTER 7 |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on the Trustee's objection to Waste Solutions of Tennessee, LLC's ("Waste Solutions") proof of claim. For the following reasons, which represent the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable by Federal Rule of Bankruptcy Procedure 9014(c), the Court finds that Waste Solutions' claim should be denied in part.

## I. BACKGROUND[1]

The debtor filed a voluntary Chapter 11 petition on July 29, 2019. The debtor listed that he was also known as "Joseph Melz" and "Deer Creek Homes." On December 3,

---

[1] Both parties filed exhibit-witness lists, but neither uploaded any exhibits to the Court's Electronic Evidence Submission Application. At the hearing, the identified pleadings and documents were discussed and argued, but none were introduced into evidence. Yet, neither party objected to the consideration of the identified pleadings. In the interest of judicial economy and the need to preserve assets of the estate, the Court has considered and will admit into evidence all documents identified by both parties.

2020, the Court granted the debtor's motion to convert to Chapter 7, and the Trustee was appointed in this asset case. Shortly thereafter, on December 7, 2020, the debtor's business, Deer Creek Homes, Inc. ("Deer Creek"), filed a Chapter 7 petition. The debtor and Deer Creek listed the same address. In the Deer Creek case, the Trustee filed a "no asset" report, and the final decree was entered on April 5, 2021. Waste Solutions was listed as an unsecured creditor in both debtors' petitions with a claim in the amount of $21,809.26.

In this case, Waste Solutions filed a proof of claim in the amount of $23,170.16. In support of its unsecured claim, Waste Solutions attached invoices, which it generated, from 2018 and 2019. The debtor's name does not appear on any of the invoices, and each is billed to "Deer Creek Homes." According to the Tennessee Secretary of State's records, "Deer Creek Homes, Inc.," was doing business in Tennessee from 2009 through 2020.

## II. DISCUSSION

The Trustee objects to Waste Solutions' claim asserting, in relevant part, that the documentation attached to the claim shows that the debt is owed by Deer Creek rather than by the individual debtor. In response, Waste Solutions points out that in his bankruptcy petition, the debtor declared under oath that he was "a/k/a Deer Creek Homes" and that he personally owed the debt to Waste Solutions. According to Waste Solutions, this shows that the debtor chose to incur the debt in his personal capacity under the business name "Deer Creek Homes," as written on the invoices, as opposed to the debt being incurred by the debtor's company, "Deer Creek Homes, Inc." This is further supported, according to

2

Waste Solutions, by the fact that the invoices attached to its proof of claim are addressed to "Deer Creek Homes" rather than "Deer Creek Homes, Inc." Waste Solutions acknowledges that Deer Creek declared, under oath, the same debt in its petition but argues that the debt is a co-debt of both debtors even though there is no written guaranty agreement.

A proof of claim filed in accordance with the Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The burden is on an objecting party to produce evidence sufficient to overcome the evidentiary effect of a properly filed proof of claim. **In re Clark,** 363 B.R. 819, 823 (Bankr. W.D. Ky. 2007). If the objecting party provides sufficient evidence to overcome the prima facie effect, the burden then shifts back to the claimant to prove the validity and amount of its claim. **Id.**

Waste Solutions' properly filed proof of claim in the amount of $23,170.16 is prima facie evidence of its validity and amount. Moreover, Waste Solutions' proof of claim correlates to a debt listed by the debtor in his schedules. While this fact is strongly probative of the claim's validity, it does not constitute an admission by the Trustee. **In re Burkett**, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005).

Here, the Trustee overcame the prima facie effect of Waste Solutions' properly filed proof of claim. Waste Solutions' debt was listed in both the debtor's and his company's

bankruptcy schedules. The invoices and account statement attached to the proof of claim are all addressed, albeit without the "Inc.," to "Deer Creek Homes," and the debtor's name does not appear. There is no basis for believing that the invoices were charged to the debtor "a/k/a Deer Creek Homes" rather than to the debtor's registered corporation, "Deer Creek Homes, Inc." According to the Tennessee Secretary of State, Deer Creek was an active corporation doing business in Tennessee at the time the invoiced work was done.

Once the Trustee provided sufficient evidence to overcome the prima facie effect of Waste Solutions' properly filed proof of claim, the burden shifted back to Waste Solutions. The Court finds that this burden was not met. It is clear that Waste Solutions would have had a claim for payment against Deer Creek. However, Waste Solutions has not shown that it is entitled to payment from this individual debtor. *See* 11 U.S.C. § 101(5) (A creditor holds a claim against a debtor's estate only to the extent that it has a "right to payment" for the asserted liability.); 11 U.S.C. § 502(b)(1) (A claim shall be allowed except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."). Again, there is no written agreement whereby the debtor, Mr. Melz, promised to pay the debts of Deer Creek. Pursuant to the Statute of Frauds, "a contract to pay the debts of another must be signed by the guarantor." ***Creekside Partners v. Scott,*** No. M2012-00623-COA-R3-CV, 2013 WL 139573, at *3 (Tenn. Ct. App. Jan. 10, 2013) (citing T.C.A. 29-2-101(a)(2)). The debtor signed no document indicating his intent to be bound for the debts of his company, and the invoices reference only the company. Without

a written guarantee or some other writing signed by the debtor indicating such intent, his personal estate is not responsible for the invoices. *See id.*; ***84 Lumber Co. v. Smith***, 356 S.W.3d 380, 382 (Tenn. 2011).

Despite the lack of proof, the Trustee acknowledged that $932.49 was incurred for work done at the debtor's residence, so the Court will allow this amount to be paid.

### III.  CONCLUSION

For the reasons stated, the Court finds that Waste Solutions' claim should only be allowed in the amount of $932.49.  The remainder of Waste Solutions' claim should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.